Thank you, Your Honor. Good morning again. My name is Attorney John Barrera for Petitioner Jerson Del Cid-Chinchilla. Today what we want to discuss, we want to discuss a few issues today, four issues. Our first issue, I think the most important one, is the nexus issue where the lower courts held that there was no evidence of nexus or reason for the persecution related to the family social group. We agree with that holding. The reason is that first, we do believe that there's evidence of the nexus between the social group and the persecution. Part of the problem is that we believe that the lower courts applied the wrong legal standard, applying the asylum standard for determining the nexus, focusing on a central reason. We believe that the focus should have been on a reason, which would have been the family reason, as well as other reasons, which were the monetary reasons for the person. Let's assume that's true. Does it matter if there's no nexus, hypothetically? Just assume there's no nexus. Does it matter that the incorrect standard was applied? If there's no evidence, I think then it doesn't matter. I think that's, I would agree with that. So what's the evidence? Right. So we, first of all, I would argue that factual circumstances within the case can be evidence of the persecution. So then delving more into the evidence, I mean, that may be evidence of the persecution counsel, but is it evidence of the nexus? I believe so, Your Honor. I would believe that's my position, that it could also be evidence of the nexus of the persecution. I think it's tied in with each other. So just so I understand your argument, are you saying that the fact of the persecution itself is also evidence of the nexus? Yes, Your Honor. That is my position. I believe the case, Barajas-Romero goes into this a bit, pointing that out. So I would cite to that case. So we believe that when you look at those factual circumstances, you're looking at- Well, what does that case say specifically, since it seems to be key to what seems to me to be a logical argument? So maybe you could expound on why that case controls. Judge, yeah, very valid question. So in that case, the way I would look at it is the facts in that case are very similar to the facts in our case. Not exactly, but they are very similar. You have both cases where they start off for another reason other than the basis for the persecution for their protected ground. And they both actually start off with monetary reasons. And then they start to escalate. Barajas-Romero was focused on one person and escalation of violence and persecution against that one person. So that's where it kind of differs from our case. But still, there's escalation, which begins to now focus more on the protected ground. And that's what I think the court, its main reasoning was on the facts of that escalation of persecution and violence. So counsel, will you point us to the particular language in Barajas-Romero that you're relying upon to support your position that the fact of the persecution is also evidence of the nexus? What's the particular language in that case that you're relying upon? Judge, it's the focus of that case. I don't remember there's exact language saying that, but it's the way that the court articulates its reasoning, where it focuses on the fact that there can be a reason or central reasons, which I think goes central to our argument in that case. Do you lose? Yes, Judge, I think we do lose. I would agree with that. I think that is an important case. You said you had other arguments you wanted to advance this morning. Yes, sir. So then focusing now on the Convention Against Torture, the government acquiescence, we don't agree with the finding that just because the government wasn't aware or wasn't, I believe the holding was that because the persecution wasn't actually reported to government officials, then that there wasn't a showing of that government acquiescence in our case. I don't agree with that holding because it's not a required situation reporting to the facts and circumstances of the case to determine whether the government should have been aware of what was going on. Again, in this case, we have years of persecution. I think central to our case are the murders, the fact that there were five, I think, murders related to family, and the fact that the government should have been aware, government being local officials, local police, should have been aware of what was going on. There was no further follow-up to that, which shows their unwillingness to investigate and do anything about this case. Further, there's also evidence regarding testimony from my client regarding the fact of police corruption, the fact that they historically don't do anything. I believe there's also, in the credible fear interview, the officer there makes a finding of widespread corruption that's facts, I think, and evidence should have been determined by the court before making that finding. Finally, Your Honor, I'd like to address briefly the motion to continue and or the exclusion of the evidence or the late filing of the evidence issue. It's my position that I don't think the EIJ performed a proper evaluation of that issue. There are several, there's a standard that requires, I believe, evaluation of four factors. Basically, they're the nature of the evidence, the reasonableness of the petitioner's actions, the inconvenience of the court, and the number of continuances previously granted. In this case, it's my belief that the court just basically focused on the number of continuances in the span of time, the two years or more that the case spanned, instead of focusing on those four requirements. Briefly, if you look at the evidence, the nature of the evidence, that evidence would have helped clarify the issues of the widespread influence by gangs in Guatemala, could have potentially clarified the nexus issue. With respect to the reasonableness of the petitioner, I don't think there was a proper evaluation of the fact that he discovered the ineffective assistance of his previous counsel, the fact that he lost thousands of dollars in previous counsel and he had to save up to hire a new attorney, the false sense of security that he had from the previous EIJ indicated that the case was likely going to administrative closure. In the time it takes to obtain that type of evidence and the circumstances where his family was living in fear, and he didn't want to expose them to more harm during that time. Inconvenience of the court, again, it was 71 pages that were submitted, so now we're talking about the evidence that was excluded days before the hearing. The judge could have easily reviewed that, and again, that could have established a better record. I mean, I think ideally, the continuance would have been better in establishing a better record, but at least looking over those relatively small amount of pages would have been very helpful in establishing that record and been a small inconvenience to the court. Lastly, the number of continuous approves previously granted, I counted about six. I think one was because of the petitioner, which at some point was thinking about getting an attorney, but most of the others were started by the EIJs that were hearing. Did you want to save a minute for rebuttal? Yes, your honor, and I'll do that right now. Thank you. Okay, thank you. Let's hear from the government. Good morning, may it please the court. My name is Deas Lafour on behalf of the respondent. The board in this particular case did misstate the burden of proof. However, it's formless error under this court's decision in Lamachine, making remand unnecessary when the agency found that it was unrelated to any protective grounds. I'd like to point out to the court in four different areas of the record, pages 162, 181, 134, and 204, where the petitioner concedes that the gangs targeted everyone for money and killed anyone who didn't pay. For example, on page 162, top to bottom, petitioner says that the gang asked for money. Petitioner also says on 162 that the gangs targeted everyone for money and again killed anyone who didn't pay. Petitioner went further on page 181 and stated that the gangs killed all his relatives because they simply didn't pay the money. On 134 of the record, petitioner says that the assailants broke into his house asking for and he concedes that on 205 he didn't even know how his father died. This case simply is all about money. It's unrelated to family clan. Thus, on the Lamachine, it doesn't really matter if the court here, if the board, excuse me, here misstated the burden of proof. Remand is unnecessary because as opposing counsel failed to do, did not cite any specific record evidence. Can I ask you a question? Yes, yes, you're on. How is this case distinguishable from the Barajas-Romero case? Judge Pregerson, Barajas is inapplicable in this case. Barajas was about mixed motive. Unlike Barajas in this particular case, we have no mixed motive because we have no record evidence tying the persecutors motive to the Chinchilla family. Top to bottom, the evidence. In Barajas-Romero, the only distinction, and I'm wondering if it's implied in this case, is that the petitioner in that case simply said that he was against corrupt police officers and that was deemed to be a sufficient sort of political motivation as opposed to pecuniary motivation to provide a grant of relief. Isn't that somewhat implicit in what happened here as well? No, Judge Pregerson, because there wasn't, unlike Barajas, neither Mr. Chinchilla nor any of his family members in the record expressed any opposition like the facts in Barajas. There's no evidence that the gang, for example, on 134 broke into his house, identified his family and said, you know what, this is revenge for speaking out against the gang members. This is in revenge for calling the police because as petitioner admitted on 165 of the record, they never contacted police. So unlike Barajas, there isn't any evidence tying into any kind of ulterior motive and here the ulterior motive. A number of his family members were the victims. Does that count for anything? Judge Paez, the facts, it's horrible. I agree with you. They're tragic and I'm sympathetic to Mr. Chinchilla for it but he admitted on page 344 of the record that this is the product of a particularly violent area of Guatemala and however emotionally jarring it is that an extensive amount of his family members were killed. They were all killed for money and that doesn't establish the requisite nexus to a protected ground. Does the record tell us anything about the family in particular? It does so in the sense that they were on page 181 that they were killed because they refused to pay the gang members money but aside from that, was there any evidence that they maintained a business or farms? Judge Paez, in the instance of Mr. Chinchilla's father, yes, on I believe page 162 of the record or somewhere thereabouts, his father had a business selling corn and on the night that there was the intrusion into the house, there's some insinuation that the assailants knew his father sold corn for cash and targeted him for the fact that he had cash on hand. So in terms of its relevancy as a business person, it's relevant to the money. It goes to show that the persecutors were motivated by the money that his father carried in his pocket that particular day because he had just finished selling corn. Okay. Would you respond to counsel's arguments about the continuance and the additional evidence? Yes, Judge Paez. Simply the continuance, on page 22 of opposing counsel's brief to the board, he was hired by petitioner on July 11th of 2017. July 12th, he filed his notice of appearance but did not file any continuance motion. He could have at the same and simultaneously with the 23 of the record, he blames his client for not providing the requisite documents in a timely fashion. But interestingly, that conflicts with page 156 of the record where he blamed the prior attorney in this case. Now, I'll have you know that there was no ineffective assistance of counsel claim ever made in this case. At the time when there could have been blameworthiness on prior counsel or anytime thereafter. So, there was never a continuance filed at the same time he filed his appearance and there was never to date any ineffective assistance of counsel claim ever filed. Furthermore, on page 145 of the record, at the beginning of his merits hearing, the immigration judge does ask opposing counsel, are you ready to proceed? And he affirmatively responds that he is. When it comes to any kind of prejudice component which is necessary to establish an abuse of discretion here, he simply does not connect the dots that he was prejudiced. That there was any connection from the evidence that was excluded, a specific portion of the evidence that was excluded that would somehow change the persecutor's motive from money-based to family-based. He doesn't cite to any specific piece of evidence to connect the dots to establish that requisite prejudice component. So, in this particular case, the agency did not abuse its discretion in denying petitioner's counsel's 11th hour continuance motion. Your honors, if there is no further question from the court, the government would like to briefly conclude. Let's see, I don't hear any. So, thank you, counsel. Yes, Judge Paez. We'd respectfully request that the court deny this petition for review on the determinative basis that petitioners failed to establish evidence that would compel a nexus finding in this particular case for the reasons that the government stated. Thank you. Thank you, counsel. Let's hear from petitioners on rebuttal. Kathy, can you put up a minute on the clock? Thank you, your honor. Real briefly, again, I emphasize the point of Barajas-Romero where the court is really focused on the correct standard. The government seems to try and steer us away from that issue, but I think it's really important to focus on that issue because that's where the analysis, I think, starts. I mean, if it's a one central reason standard, I mean, it's hard for me to agree, but I think we lose because there are monetary reasons that started off this persecution. It was an important part of the persecution. However, in applying a central reason standard, that's where it opens up the door, and that's where we now start to look at the other evidence of the persecution based on the family. That's what I think we need to focus on in this case. I thank the court for the time, and based on these reasons, we'd ask the court to either remand or grant the withholding of the CAT application. Thank you. Thank you. Thank you, counsel. We appreciate your argument this morning. The matter is submitted at this time.
judges: Paez, Rawlinson, Pregerson